## EDWIN BUTTERWORTH & CO., Limited, et al. v. THE PANAMANIAN et al.

District Court, S. D. New York.

April 8, 1943.

Bigham, Englar, Jones & Houston, of New York City (F. Herbert Prem, of New York City, of counsel), for libellants.

Arthur E. Ferris, of New York City, for claimant-respondent.

HULBERT, District Judge.

This suit arises out of the loss and damage to cargo which was laden on the S. S. Panamanian at the time of her sinking at the Port of Baltimore on March 21, 1940.

A libel was filed in this court on June 20, 1940, seeking recovery from claimant-respondent for such loss. Thereafter a formal settlement agreement was executed by the respective parties, and Albert B. Caspers, Esq., was appointed Special Commissioner to ascertain and compute the amount of libellants' damages. However, no hearings have been had before him.

Counsel for the respective parties hereto, after numerous conferences, have agreed upon the amount of the provable damages due to the respective libellants on practically all of the claims involved in this proceeding. Among the claims upon which such agreement was reached is a claim of libellant A. E. Staley Mfg. Co.

In connection therewith, counsel for said libellant submitted to counsel for claimant-respondent, all of the items of expenses and damage which had theretofore been submitted by the Automobile Insurance Company, the real party in interest in this litigation in respect of such claim, having insured Staley under a policy of marine insurance and paid said assured all losses theretofore reported to it, and becoming thereby subrogated to all the rights of its assured against the claimant-respondent herein.

On December 31, 1942, a final decree was entered in which the claim of libellant Staley was allowed in the amount of $3,900.

On March 20, 1943, Automobile Insurance Company asserted a further claim representing (a) expenses incurred in the reconditioning of the shipment of libellant Staley amounting to the sum of $2,051.61, and (b) an additional bill of the Baltimore Ocean Transport Co., for $2,061 representing freight charges in transporting the shipment of libellant Staley from the dock alongside which the S. S. Panamanian sank, to the cooperage.

It is claimed by the Automobile Insurance Company that it had no prior knowledge of the existence of these unpaid bills until March 17, 1943.

The libellant Staley, therefore, seeks an order modifying the final decree to authorize the Special Commissioner to pass upon these claims aggregating $4,112.61, and amending and including in the final decree such amount as may be awarded by the Special Commissioner.

Rule 6 of the General Rules of this court provides, in part, as follows: "For the purpose of * * * taking any other action in any cause which must be taken within

the term of the court at which final judgment or decree is entered, each term of the Court is extended for ninety days from the date of entry of the final judgment or decree."

The ninety day period prescribed in the Rule above quoted terminated on March 31, 1943.

The libellant Staley brought on his motion March 26, 1943.

The real question presented is whether under the circumstances the court should take cognizance of the claim. I am unable to determine that upon the papers before me, and therefore will refer that question to the Special Commissioner to take proof and report, together with his opinion thereon, so that I may then decide whether it should be referred back to the Special Commissioner to pass upon the amount to which the libellant Staley would in such event be entitled to. Settle order on notice.